UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IAIN CURTIS-SHANLEY,

Plaintiff,

v.

COUNTY OF SAN JOAQUIN,

Defendant.

No.  2:26-cv-01744-DC-SCR

ORDER

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before the Court are Plaintiff's motion to participate in electronic filing (ECF No. 9) and Plaintiff's second motion to proceed in forma pauperis ("IFP") (ECF No. 10).  The Court will deny the motion to proceed IFP as unnecessary and will grant in part, and deny in part, the motion for electronic filing.

**I.      Motion to Proceed IFP (ECF No. 10)**

This is Plaintiff's second motion to proceed IFP.  Plaintiff previously filed a motion on May 21, 2026 (ECF No. 6), which the Court denied as "unnecessary" and explained that Defendant had already paid the filing fee when the notice of removal was filed (ECF No. 7).  Plaintiff's second motion is duplicative, and is again denied as unnecessary.

////

////

1

**II.      Motion to Participate in Electronic Filing (ECF No. 9)**

Plaintiff proceeds pro se and seeks leave to file documents electronically through the Court's CM/ECF system, rather than in paper format as generally required of pro se litigants. ECF No. 9.  A Local Rule of this Court provides that "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." LR 133(b)(2).  This Local Rule recognizes, as do similar local rules in other Districts, the difficulties that can ensue for both pro se litigants and Court staff when pro se litigants attempt to use e-filing.  *See, e.g., Baker v. IC Sys., Inc.*, No. CV-08-8091- PCT-DGC, 2008 WL 4186166, at *1 (D. Ariz. Sept. 9, 2008) (denying motion to e-file and stating the "Court's policy is to require pro se litigants to submit documents in paper form so that the Clerk's Office can insure that the documents are properly filed").

Plaintiff's motion gives no reason why he cannot continue to file in paper, or why he needs to participate in electronic filing.  The motion is quite brief, and merely states that he has the "hardware and software necessary to produce text-searchable PDFs" and that he will monitor his email.  ECF No. 9 at 2.  In considering whether Plaintiff should be granted leave from the Local Rule to e-file, the Court has also considered Plaintiff's conduct in the litigation thus far. Plaintiff has recently filed two unnecessary and duplicative motions to proceed in forma pauperis. ECF Nos. 6 & 10.  Plaintiff has also misnamed his first amended complaint as a "second amended complaint."  ECF No. 11.  These unnecessary filings and errors cause the Court concern regarding whether Plaintiff would use e-filing appropriately.  The Court finds that Plaintiff's motion to electronically file does not present good cause to deviate from the default under the Local Rules and is thus DENIED, except to the extent the Court will direct the Clerk to configure CM/ECF so that Plaintiff may receive immediate electronic notice of filings.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to e-file (ECF No. 9) is GRANTED in part and DENIED in part.  The Clerk is directed to configure the CM/ECF system so that Plaintiff receives immediate email notifications of Court filings at Iaincurtisshanle@aol.com

////

2

2. Plaintiff's motion to proceed IFP (ECF No. 10) is DENIED as unnecessary.

SO ORDERED.

DATED: June 1, 2026.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE